UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLE W. MALLORY,

                Plaintiff,

-against-

CLAUDE GILOT RUIZ PICASSO,

                Defendant.

18-CV-7805 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332, asserting state-law claims of intentional infliction of emotional distress against her former boyfriend, Defendant Claude Gilot Ruiz Picasso, and claiming that he conspired with his mother, Francoise Gilot Salk, to defraud Plaintiff of her rightful claim to Pablo Picasso's estate. Plaintiff submitted two applications requesting *pro bono* counsel. (ECF Nos. 4, 5.) Plaintiff also submitted three letters requesting the issuance of subpoenas. (ECF Nos. 14-16.) By order dated October 25, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

    For the reasons set forth below, the Court dismisses the complaint without leave to replead, denies Plaintiff's applications for the Court to request *pro bono* counsel, and denies Plaintiff's requests for subpoenas.

## DISCUSSION

    On the same day that Plaintiff filed this action, Plaintiff filed an action against Defendant's mother. *See Mallory v. Salk*, No. 18-CV-7473 (LLS). By order dated September 28, 2018, the Court dismissed that action, with 30 days' leave to replead. *See id.* On October 29, 2018, Plaintiff filed an amended complaint in the 18-CV-7473 matter, but because she failed to

address the defects in her original complaint, the Court dismissed the action. Familiarity with the September 28, 2018 order is assumed for the purposes of this order.

In *Mallory*, No. 18-CV-7473 (LLS), Plaintiff asserted the same claims that she asserts here. The only difference between this action and the 18-CV-7473 matter is the named defendant. Here, Plaintiff sues her former boyfriend, Pablo Picasso's son; in the 18-CV-7473 matter, she sued her former boyfriend's mother, who was in a relationship with Picasso in the 1970s. Otherwise, the allegations and claims are essentially the same. Plaintiff failed to state a claim in the 18-CV-7473 action, even after being granted leave to replead. The Court concludes, that for the same reasons, she has failed to state a claim in this action as well.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff failed to cure her complaint in the 18-CV-7473 matter with an amendment, the Court declines to grant Plaintiff leave to amend her complaint in this action.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's applications for the Court to request *pro bono* counsel (ECF Nos. 4, 5) and Plaintiff's requests for subpoenas (ECF Nos. 14-16) as moot.

Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring her from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 16, 2019
           New York, New York

                                                                          *Louis L. Stanton*
                                                                                  Louis L. Stanton
                                                                                       U.S.D.J.